**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**MARY CHRISTINE DOCKERY**                                        **PLAINTIFF**

**V.**                                                                            **NO. 3:16CV00253-JMV**

**COMMISSIONER OF SOCIAL SECURITY**                           **DEFENDANT**

## FINAL JUDGMENT

This cause is before the court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying a claim for supplemental security income benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

Consistent with the court's ruling from the bench during a hearing held today, the court finds the ALJ's residual functional capacity ("RFC") assessment is not supported by substantial evidence in the record because the ALJ failed to consider the claimant's syncope impairment. The ALJ must consider all medically-determinable impairments when making his RFC finding. *See* 20 C.F.R. § 404.1545(a)(2). In this case, the ALJ made no mention of the claimant's syncope impairment in the decision despite having had access to a 2011 final decision on the claimant's prior application which specifically identified her history of

syncope as a severe impairment. Furthermore, in 2009 a heart specialist's assessment of the claimant's condition included "recurrent syncope," albeit of unknown etiology.

On remand, the ALJ must consider the claimant's syncope as a medically-determinable impairment. The ALJ is further directed to consider as evidence the prior finding that the claimant's history of syncope was a severe impairment and assign that finding the appropriate weight. Then, the ALJ shall either re-contact the former physical consultative examiner (Dr. Robert Shearin) and provide him with the claimant's relevant medical records (including, but not limited to, 2009 cardiology records identified as Exhibit B1F to the ALJ's decision) or order a new CE and provide that examiner with the said records. In either case, the ALJ shall obtain an assessment from the examiner of the claimant's physical ability to engage in work-related activity (function-by-function). The ALJ shall conduct a new hearing and obtain any necessary vocational evidence. Finally, the ALJ may conduct any further proceedings deemed necessary, but which are not inconsistent with this order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is REVERSED and REMANDED for further proceedings.**

This, the 27th day of June, 2017.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE