IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MARY CHRISTINE DOCKERY,
Plaintiff,

vs.                                                          CIVIL NO. 3:16-cv-00253-JMV

COMMISSIONER OF SOCIAL SECURITY,
Defendant.

## ORDER DENYING MOTION FOR ATTORNEY FEES

Before the Court are Plaintiff's motion [19] for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and Defendant's response [20]. For the reasons that follow, Plaintiff's motion is DENIED.

In these proceedings Plaintiff sought judicial review of the Social Security Commissioner's final decision denying a claim for benefits. By Final Judgment [17] dated June 27, 2017, this Court remanded this case to the Commissioner for further proceedings. Plaintiff filed the instant motion August 30, 2018, seeking an award of $3,510.00 for attorney work performed before this Court and $25.00 in costs on the grounds that she was the prevailing party and the Commissioner's position was not "substantially justified." Plaintiff also points out that on August 13, 2018, the Social Security Administration issued a fully favorable decision following this Court's remand of the case. The Commissioner objects to the motion on the ground that the request for EAJA fees is untimely. The Court agrees.

Under the EAJA a prevailing party must apply for fees "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). The EAJA defines "final judgment" as "a judgment that is final and not appealable." *Id*. § 2412(d)(2)(G). The Supreme Court has

interpreted "final judgment" for purposes of § 2412(d)(1)(B) as "a judgment rendered by a court that terminates the civil action for which EAJA fees may be received." *Melkonyan v. Sullivan*, 501 U.S. 89, 96, 111 S. Ct. 2157, 115 L. Ed. 2d 78 (1991). The thirty-day EAJA clock "begins to run after the time to appeal that 'final judgment' has expired." *Id.* When the United States or its officer or agency is a party, "[t]he notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from." FED. R. APP. P. 4(a)(1)(B). Ultimately, "[b]ecause . . . [the] thirty-day deadline represents a waiver of sovereign immunity, it is jurisdictional. . . . Thus, a claimant's failure to file an EAJA application within this time constraint precludes a district court from considering the merits of the fee application.'" *Pierce v. Barnhart*, 440 F.3d 657, 661 (5th Cir. 2006) (citations omitted).

In this case, a judgment was entered on June 27, 2017. That judgment became "final" on Monday, August 28, 2017. Thus, Plaintiff had to file her petition for EAJA fees on or before Wednesday, September 27, 2017, the thirtieth day after the Court's judgment became final. Plaintiff filed the instant motion for fees on August 30, 2018. Accordingly, Plaintiff's EAJA petition is nearly a year late; and, consequently, this Court is without jurisdiction to award fees under the EAJA. Nevertheless, this ruling is without prejudice to Plaintiff's right to seek an award of fees under the Social Security Act, § 42 U.S.C. § 406(b). However, the time for seeking fees under the Social Security Act is, likewise, not unlimited.

SO ORDERED this 18th day of September, 2018.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE